**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>WEATHERFORD INTERNATIONAL, LLC,<br><br>    Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Schlumberger Technology Corporation ("Schlumberger"), for its Complaint, alleges as follows:

**INTRODUCTION**

1. This is an action brought by Schlumberger against Weatherford International, LLC ("Weatherford" or "Defendant") for Defendant's infringement of patents owned by Schlumberger. In particular, Defendant has infringed U.S. Patent Nos. 7,322,417 ("417 Patent") and 7,377,321 ("321 Patent") (collectively, "Asserted Patents"). This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*

## PARTIES

2. Schlumberger is a Texas corporation having a principal place of business at 300 Schlumberger Drive, Sugar Land, TX 77478. Schlumberger supplies an array of products and services for the oil and gas exploration and production industry.

3. Weatherford is a Delaware corporation having its principal place of business located at 2000 Saint James Place, Houston, TX 77056.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Weatherford based on its contact with this forum, including, at least, maintaining its principal place of business in the state of Texas and regularly and intentionally doing business within this forum.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

7. Weatherford may be sued in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), as it is a corporation that is subject to personal jurisdiction in this district.

8. Schlumberger has standing to bring this action.

## BACKGROUND

### I. SCHLUMBERGER AND THE ASSERTED PATENTS

9. Schlumberger is a leading supplier of products and services for the oil and gas exploration and production industry.

10. In particular, Schlumberger offers systems designed for multi-zone treatment and completion of a wellbore, including its Falcon Multistage Stimulation System and its nZone Ball Drop Multistage Stimulation System.

11. The Asserted Patents are directed to methods, systems and apparatuses used for testing, treating, producing, or completing multiple zones in a well.

12. The 417 Patent, entitled *Technique and Apparatus for Completing Multiple Zones*, was duly and lawfully issued on January 29, 2008. Schlumberger is the current owner of all rights, title, and interest in the 417 Patent. A true and correct copy of the 417 Patent is attached hereto as Exhibit A.

13. The 321 Patent, entitled *Testing, Treating, or Producing a Multi-zone Well*, was duly and lawfully issued on May 27, 2008. Schlumberger is the current owner of all rights, title, and interest in the 321 Patent. A true and correct copy of the 321 Patent is attached hereto as Exhibit B.

## II.  WEATHERFORD AND ITS INFRINGING SYSTEM

14. Upon information and belief, Defendant designs, manufactures, offers to sell, sells and operates products and services relating to multizone treatment and completion of a wellbore, including Weatherford's ZoneSelect Completion System that utilizes Weatherford's ZoneSelect i-ball Stimulation Sleeve.

15. For example, upon information and belief, Weatherford designed, manufactured, sold, and/or operated a Weatherford's ZoneSelect Completion System that utilizes Weatherford's ZoneSelect i-ball Stimulation Sleeve in the Bakken Shale formation in North Dakota.

## GENERAL ALLEGATIONS

16. Schlumberger owns by assignment the entire right, title, and interest in and to the 417 Patent and the 321 Patent.

17. On information and belief, without license or permission from Plaintiff Schlumberger, Defendant has infringed and continues to infringe one or more claims of each of

the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in the United States, and importing into the United States, certain products and services relating to multizone treatment and completion of a wellbore, including Weatherford's ZoneSelect Completion System that utilizes Weatherford's ZoneSelect i-ball Stimulation Sleeve.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,322,417

18. Schlumberger incorporates by reference the allegations set forth in paragraphs 1-17 as though fully set forth herein.

19. On information and belief, without license or permission from Plaintiff Schlumberger, Defendant has directly infringed and is infringing one or more claims of the 417 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services relating to multizone treatment and completion of a wellbore, including Weatherford's ZoneSelect Completion System that utilizes Weatherford's ZoneSelect i-ball Stimulation Sleeve.

20. Defendant's infringement of the 417 Patent has caused and continues to cause damage to Schlumberger in an amount to be determined at trial.

21. Defendant's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Schlumberger for which there is no adequate remedy at law. Unless enjoined by this Court, Defendant will continue to infringe the 417 Patent.

22. Defendant's infringement of the 417 Patent is exceptional and entitles Schlumberger to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,377,321

23. Schlumberger incorporates by reference the allegations set forth in paragraphs 1-22 as though fully set forth herein.

24. On information and belief, without license or permission from Plaintiff Schlumberger, Defendant has directly infringed and is infringing one or more claims of the 321 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services relating to multizone treatment and completion of a wellbore, including Weatherford's ZoneSelect Completion System that utilizes Weatherford's ZoneSelect i-ball Stimulation Sleeve.

25. Defendant's infringement of the 321 Patent has caused and continues to cause damage to Schlumberger in an amount to be determined at trial.

26. Defendant's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Schlumberger for which there is no adequate remedy at law. Unless enjoined by this Court, Defendant will continue to infringe the 321 Patent.

27. Defendant's infringement of the 321 Patent is exceptional and entitles Schlumberger to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### DEMAND FOR JURY TRIAL

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Schlumberger demands a trial by jury of all issues so triable.

- 6 -

## PRAYER FOR RELIEF

WHEREFORE, Schlumberger prays for judgment and seeks relief against Defendant as follows:

(a) That the Asserted Patents have been and continue to be infringed by the Defendant;

(b) That the Asserted Patents are not invalid and are not unenforceable;

(c) For all damages sustained as a result Defendant's infringement of Schlumberger's patents as herein alleged pursuant to 35 U.S.C. § 284;

(d) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(e) For a permanent injunction enjoining Defendant, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement of the Asserted Patents;

(f) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For all costs of suit; and

(h) For such other and further relief as the Court may deem just and proper.

Dated: September 4, 2013

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
Shannon Dacus
State Bar No. 00791004

The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 705-1117
ddacus@dacusfirm.com
sdacus@dacusfirm.com

Adam D. Swain
Adam.swain@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300

OF COUNSEL:

Scott J. Pivnick
scott.pivnick@alston.com
Benn C. Wilson
benn.wilson@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300

Patrick Flinn
patrick.flinn@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: (404) 881-7000
Fax: (404) 253-8756

**Attorneys for Plaintiff**
**Schlumberger Technology Corporation**